```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TRISTAN CREASEY                :      CIVIL ACTION
                               :
         v.                    :
                               :
HYDRO EXTRUSION USA, LLC       :      NO. 24-6458
```

MEMORANDUM

Bartle, J.                                      January 3, 2025

Plaintiff Tristan Creasey filed this action on behalf of himself and others similarly situated in the Court of Common Pleas of Philadelphia County against defendant Hydro Extrusion USA, LLC, his former employer, for failure to pay overtime in violation of the Pennsylvania Minimum Wage Act, 43 Pa. Stat. Ann. §§ 333.101, et seq. ("PMWA").  The defendant timely removed this action on the ground that subject matter jurisdiction exists under 28 U.S.C. § 1332(a).

Plaintiff does not contest the existence of complete diversity of citizenship.  Instead he moves to remand on the ground that the amount in controversy requirement under § 1332(a) has not been satisfied.  According to plaintiff, his claim does not exceed $75,000 exclusive of interest and costs.

The defendant, as the party asserting jurisdiction, bears the burden of proof that the action is properly before this court.  Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993).  The case must be remanded if it appears to

a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000.  Frederico v. Home Depot, 507 F.3d 188, 193-95 (3d Cir. 2007).  Prior to class certification, the action is only between the named parties.  See Rolo v. City Investing Co. Liquidating Tr., 155 F.3d 644, 659 (3d Cir. 1998).  It is well established that at that point in a diversity putative class action the claims of the class members may not be aggregated to meet the requisite amount in controversy under § 1332(a).  Snyder v. Harris, 394 U.S. 332, 336-38 (1969); Packard, 994 F.2d at 1045.

The complaint is silent on the amount of unpaid overtime due plaintiff, but defendant in its Notice of Removal states that plaintiff's claim could reasonably total up to $4,318.13.  Plaintiff, for purposes of the pending motion, accepts this number.

Defendant rightly points out that the amount in controversy includes not only the damages sought but also plaintiff's attorneys' fees when they are recoverable as they are under the PMWA.  See Frederico, 507 F.3d at 197; 43 Pa. Stat. Ann. § 333.113.  Defendant maintains that the $4,318.13 together with reasonable attorneys' fees more likely than not would exceed $75,000.  See 28 U.S.C. § 1446(c)(2).  This calculates to attorneys' fees of at least $70,681.88.  In deciding whether subject matter jurisdiction exists, the court

may only include the amount of the attorneys' fees attributable to plaintiff's individual claim. It may not take into account the aggregate legal fees that may be awarded in a successful class action. See Beatty v. Bridgestone/Firestone Inc., Civ. A. No. 00-4949, 2000 WL 1570590, at *2 (E.D. Pa. Oct. 19, 2000).

Attorneys' fees of $70,681.88 for plaintiff's damage claim of $4,318.13 under the PMWA are outside the realm of reason. See Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995). It appears to a legal certainty that plaintiff cannot recover at least $70,681.88 in attorney fees on his individual claim and thus that the amount in controversy does not exceed $75,000, exclusive of interest and costs, as required under § 1332(a). Moreover, the complaint filed in the state court, signed by plaintiff's counsel, declares that "if this lawsuit proceeds on behalf of Plaintiff alone (because, for example, the court refuses to certify the lawsuit in a class action) and Plaintiff prevails, then Plaintiff's counsel will seek less than $50,000 in statutory attorney's fees." See Exhibit A to Notice of Removal (Complaint) at 9 n.4, Creasey v. Hydro Extrusion USA LLC, Civ. A. No. 24-6438 (E.D. Pa. Dec. 3, 2024) (Doc. # 1-3). Plaintiff's counsel has also filed a separate declaration to this effect under penalty of perjury pursuant to 28 U.S.C. § 1746. The court takes plaintiff's counsel, as an officer of the court, at his word.

-4-

The court does not have subject matter jurisdiction. Accordingly this action will be remanded to the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1447(c).